RINGGOLD AND OTHERS *vs.* RANDOLPH.

Where a summons is served by leaving a copy with a member of the family of the defendant, the return must show that such member of the family was *white,* and over fifteen years of age. If it does not, judgment by default is erroneous.

THIS was an action of assumpsit, determined in the Pulaski Circuit Court, in March, 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges. Randolph sued Ringgold, Owens, Palmer, and McFarland, without any allegation in the declaration as to their respective places of residence, and issued writs to three several counties, each against all of the defendants. McFarland was not served. The return, as to Owens, was " executed on the 8th day of February, 1841, by delivering a true copy of the within, to a white member of the family of the within named Elisha Owens, at the usual place of abode of the said Owens, in Conway county." Discontinued as to McFarland, and judgment by default as to the others.

Tucker et al. *vs.* The Real Estate Bank.

*By the Court,* RINGO, C. J. The return, as to Owens, is manifestly defective, in not showing, as required by the statute, that the writ was executed upon the defendant, Owens, in any manner prescribed by law. When such process is executed otherwise than by reading the writ to the defendant, the officer must deliver him a copy thereof, or leave " a copy thereof at his usual place of abode, with some white person of the family, over fifteen years of age;" and in making out his return, the officer is required to " set out how, and in what manner, he executed the same." *Rev. Stat.,* *Chap.* 116, *sec.* 13, 20. The return before us omits to state, that the copy of the writ, left for the defendant, at his usual place of abode, was left with a white person of the family " over fifteen years of age," as required by law, and therefore, said defendant was under no legal obligation to appear and answer the action, and was not legally in default in failing to do so. Consequently, the Court erred in giving judgment against him by default.

Judgment reversed, and case remanded. Case to proceed as if Owens had been served with process.